

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00212-CV

———————————————

In re M.W., Relator

Original Proceeding
467th District Court of Denton County, Texas
Trial Court No. 2013-30025-211

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

In this original proceeding, Relator M.W.[1] (Father) seeks mandamus relief from the trial court's April 30, 2024 Order denying his First Amended Motion for Enforcement of Possession and Access (Father's Motion). Father raises two issues: (1) whether the trial court arbitrarily altered its prior Order in contradiction to the plain language of the final Order and (2) whether the trial court abused its discretion in finding the final Order ambiguous and unenforceable. Because the record is insufficient to show Father's entitlement to the relief he seeks, we deny Father's petition.

## I. BACKGROUND

Since their divorce,[2] Father and Real Party in Interest S.W. (Mother) have entered into multiple mediated settlement agreements leading to multiple modifications of their respective parent–child relationships with their two children.[3] The trial court signed Orders modifying Mother's and Father's rights, duties,

---

[1]To protect the identities of Relator and Real Party in Interest's minor child, we identify the parties by their initials only. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]Father states in his mandamus petition that he and Mother "were divorced via a *Final Decree of Divorce* signed on September 17, 2014." However, no such divorce decree appears in the record Father included with his petition.

[3]Mother and Father are the parents of two children, the older of whom turned 18 prior to the commencement of this mandamus proceeding. The provisions of the Order that Father was seeking to enforce in the trial court pertain only to the younger child, B.W.

possession of, and access to the children in 2016 and 2022.

Father filed his enforcement motion on February 9, 2024, and amended it on April 9, 2024. In his Motion, Father alleged that Mother had repeatedly violated the 2016 and 2022 modification Orders. At a hearing on April 30, 2024, the trial court found that "the terms of the [2022] Order in regards to holiday access and possession [were] ambiguous" and denied Father's Motion.[4]

Father then filed a Petition for Writ of Mandamus and an Emergency Motion for Temporary Relief with this court. We denied the motion for temporary relief on May 10, 2024.

## II. DISCUSSION

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate

---

[4]In the 2022 Order, under the heading, "(c) Periods of Possession for [the child]," and the subheading, "Waiver of Obligation to Surrender the Child," the trial court Ordered "that [Mother]'s obligation to surrender the child . . . to [Father] shall be conditioned upon [the child]'s expressed desire for [Father] to exercise any such possession period" and further Ordered that [Mother] "shall not interfere with [Father's] periods of possession that are agreed to between [the child] and [Father]." This language is immediately followed by the heading, "(d) Holidays Unaffected by Distance," and the language, "Notwithstanding the periods of possession of [Father] and [Mother] as Ordered herein above, [Father] and [Mother] shall have the right to possession of the children as follows." What "follows" is a strict possession schedule for Christmas, Thanksgiving, spring vacation, the child's birthday, Father's Day, and Mother's Day. As part of its ruling on Father's Motion, the trial court stated, "Based on everything that's in this Order, I would clarify that the terms under C regarding agreement of the child apply to the terms in section D."

remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding). To justify mandamus relief, the relator must provide the appellate court with a sufficient record to establish his relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* Tex. R. App. P. 52.7.

In his petition, Father argues that the trial court has abused its discretion and that he has no adequate remedy at law. He contends that the trial court abused its discretion by (1) "failing to interpret the term 'notwithstanding' in accordance with it[]s commonly accepted meaning and to give effect to that meaning as it pertains to" the 2022 Order and thereby finding the 2022 Order to be ambiguous and unenforceable, and (2) "clarifying the [2022 o]rder to hold that the 'notwithstanding' carve-out . . . is actually a vestigial provision and that all periods of possession are subject to the desire and agreement of the subject child." Mother responds that ambiguous language in the Order "necessitated clarification," that the trial court's clarification was reasonable in light of the evidence, and that therefore the trial court did not clearly abuse its discretion. She also argues that Father has an adequate remedy by appeal.

A trial court may enforce by contempt any provision of a temporary or final Order. Tex. Fam. Code Ann. § 157.001. In Father's Motion, he asked the trial court to hold Mother in contempt. It was Father's burden to prove in the trial court that Mother should be held in contempt. *See In re Aslam*, 348 S.W.3d 299, 303 (Tex. App.—Fort Worth 2011, orig. proceeding); *see also In re Pursuit of Excellence, Inc.*, No.

4

05-18-00672-CV, 2018 WL 6566644, at *5 (Tex. App.—Dallas Dec. 13, 2018, orig. proceeding) (mem. op.) ("At a hearing on a motion for contempt, the movant first has the burden of introducing evidence that the respondent did not comply with the terms of the Order sought to be enforced."); *In re W.L.C.*, No. 2-03-103-CV, 2004 WL 1218955, at *1 (Tex. App.—Fort Worth June 3, 2004, orig. proceeding) (mem. op.) (stating that movant for enforcement "had the burden to prove his case in chief"); *Ex parte McIntyre*, 730 S.W.2d 411, 417 (Tex. App.—San Antonio 1987, orig. proceeding) ("At a hearing on a motion for contempt, the movant first has the burden of introducing evidence that the respondent did not comply with the terms of the Order sought to be enforced.").

Here, Father did not bring forth a factual record sufficient for us to assess the trial court's ruling. Although he detailed in his Motion how Mother had allegedly violated the trial court's 2022 Order, he did not verify his Motion or attach any exhibits that proved up the alleged violations to it.[5] Further, the reporter's record of the April 30 hearing that both Mother and Father have provided shows the trial court's ruling—and nothing else. We have no idea what, if any, evidence was received

---

[5]Additionally, we note that, in his Motion, Father requested "that for each violation alleged . . . , [Mother] be held in contempt, jailed for 60 days, and fined up to $500, and that each period of confinement run and be satisfied concurrently." Contempt Orders that involve commitment are considered "criminal" contempt Orders and must be supported by proof beyond a reasonable doubt of "(1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); *see In re Braden*, 483 S.W.3d 659, 664 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding) (per curiam).

by the trial court at the hearing.

Because the record before us is totally devoid of evidence that Mother violated the 2022 Order, Father has failed to meet his burden to bring forth a sufficient record. Accordingly, we overrule both of Father's issues.

### III. CONCLUSION

Having overruled Father's issues, we deny his petition for a writ of mandamus.[6]

/s/ Mike Wallach

Mike Wallach
Justice

Delivered: June 6, 2024

---

[6]On June 5, 2024, Father filed a Motion for Expedited Ruling in this court. His Motion for Expedited Ruling is denied as moot.